**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JAMES K. BISHOP,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-681**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**OHIO DEPARTMENT OF REHABILITATIONS AND CORRECTIONS, *et al.*,**

**Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, James K. Bishop, sues the Ohio Department of Rehabilitation and Correction, Noble Correctional Institution, and several of their employees under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights, as well as for negligent and intentional infliction of emotional distress. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal claims for failure to state a claim on which relief may be granted, and that Plaintiff's remaining state-law claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $26.61 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A704375) at the Belmont Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I. BACKGROUND

Plaintiff alleges that he was transferred from Noble Correctional Institution ("NCI") to Belmont Correctional Institution ("BeCI") in February 2026. On February 23, 2026, Plaintiff packed up his personal belongings from his NCI cell into two boxes. Plaintiff transferred to BeCI the following day, but did not receive his two boxes until March 2, 2026. At that time, Plaintiff discovered he was missing several personal items (his tablet, charger, power adapter, and amplifier) and various legal materials ("a copy of [Plaintiff's] trial and sentencing transcripts from Richland county case #23-cr-948, copies of all three of [Plaintiff's] children's birth certificates, a letter from the clerk of courts in Springfield, and Nashville Tn., and medical records from the Springfield Hospital, in Springfield Tn."). (Compl. ¶¶ 9–15, ECF No. 1-1.) Plaintiff filed a grievance and was eventually compensated by BeCI for the loss of his personal items, but not for the loss of his legal materials. (*Id.* at ¶¶ 16–19.)

Plaintiff further alleges that he was unable to use the missing legal materials as evidence in an ongoing case in the Court of Common Pleas for Jefferson County, Ohio, Case No. 2007-MS-00052, which appears to be an action by the Jefferson County Child Support Enforcement Agency to collect child support payments from Defendant. According to the exhibits attached to Plaintiff's Complaint, Plaintiff filed a motion in the Jefferson County action for genetic testing to determine whether Plaintiff is the biological father of the children in question. (ECF No. 1-7, PAGEID #32.) The magistrate denied that that motion on February 27, 2026, because Plaintiff's request for genetic testing had already been denied on appeal to the Seventh Appellate District in 2024. (*Id.*) Plaintiff had fourteen days (or until March 13, 2026) to file objections to the magistrate's order. (*Id.* at PAGEID #33.) Plaintiff alleges that he was unable to timely file

objections as a result of his lost legal materials, and on March 20, 2026, the judge in the Jefferson County action adopted the magistrate's decision. Plaintiff's subsequent objections dated March 23, 2026, were denied as untimely. (ECF No. 1-7, PAGEID #34.)

Plaintiff further alleges that he has another pending action in the Court of Common Pleas for Columbiana County, Ohio, which is a fraud action by Plaintiff against the mother of the same children involved in the Jefferson County action. Plaintiff had to notify the Columbiana County court that he presently lacked evidence necessary to proceed to trial due to the loss of his legal materials during his prison transfer and would provide a further update at an upcoming status conference. (ECF No. 1-7, PAGEID #37.)

Plaintiff's Complaint contains two counts: (1) Negligence, Unprofessional Conduct, and Due Process, and (2) Intentional and/or Negligent Infliction of Emotional Distress. Plaintiff seeks an injunction requiring ODRC and its staff to follow pack up procedures to prevent future loss of property as well as compensatory and punitive damages. (Compl. ¶¶ 23–38, ECF No. 1-1.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up).

Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. ANALYSIS

The undersigned liberally construes Plaintiff's Count One to advance (a) a First Amendment claim for denial of access to courts, and (b) a Fourteenth Amendment procedural due process claim. Both claims lack merit.

Plaintiff's access-to-courts claim fails because he has not alleged actual injury to any legal proceedings as a result of loss of his legal materials. Prisoners have a First Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351–54 (1996). To state a claim that a state actor has violated that right, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In addition, the underlying action cannot

be frivolous. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353, n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. Accordingly, in drafting a complaint, a plaintiff must: (1) clearly state the underlying claim; and (2) include supporting facts that describe "official acts frustrating the litigation" to show actual injury. *Id.* at 415.

Plaintiff has failed to sufficiently plead an access-to-courts claim. Although he alleges that the loss of his legal materials caused him to miss a Jefferson County Court deadline for filing objections to the magistrate's order denying his motion for genetic testing, and although "the late filing of a court document" is a possible type of actual injury, *Pilgrim*, 92 F.3d at 416, Plaintiff has nevertheless failed to allege any actual prejudice to a non-frivolous claim. First, Plaintiff apparently had all of his legal materials in his possession at the time he filed the motion for genetic testing and could have provided them to the Jefferson County Court at that time, but he did not. Additionally, nothing about the loss of his legal materials prevented Plaintiff from timely filing a request for additional time to file objections to the magistrate's order (which was not issued until three days after Plaintiff transferred to BeCI—meaning that nothing concerning the order could have been lost in the prison transfer). Moreover, the magistrate denied Plaintiff's motion for genetic testing on grounds that the motion had already been considered and rejected

by the Seventh Appellate District two years before. It is not apparent that, had Plaintiff timely objected to the magistrate's order with additional supporting materials, the outcome would have been any different. Nor do Plaintiff's allegations plausibly suggest any actual injury related to the Columbiana County action as a result of the loss of his legal materials. Thus, Plaintiff has failed to state a First Amendment access-to-courts claim.

Plaintiff also fails to state a procedural due process claim. In *Parratt v. Taylor*, the United States Supreme Court held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of property. 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984). The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. *Cf. Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065– 66 (6th Cir. 1983). Thus, when a plaintiff fails to plead inadequacy of state remedies as part of a due process claim, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377–78 (6th Cir. 1993) (dismissal of procedural due process claim upheld when the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . . ."); *Ruiz v. Fisher*, No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent

deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

Here, Plaintiff has not alleged that available state remedies would not adequately redress his injuries. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."). Accordingly, Plaintiff has failed to state a Fourteenth Amendment procedural due process claim.

Finally, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims in Count Two. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's allegations relating to dereliction of duty in violation of Ohio regulations and statutes and medical malpractice fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's negligent and intentional infliction of emotional distress claims arise under state law and not under federal laws or the United States Constitution. *See Scola v. Publix Supermarkets, Inc.*, 557 Fed. App'x 458, 472 (6th Cir. 2014) (characterizing "claims of intentional and negligent infliction of emotional distress" as "state-law claims"). Nor has Plaintiff alleged that he and Defendants are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to filing in state court.

## IV. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. In addition, for the reasons above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal claims for failure to state a claim on which relief may be granted, and that Plaintiff's remaining state-law claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept,

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE